# SUPERIOR COURT
OF THE
## STATE OF DELAWARE

Jeffrey J Clark

Judge

Kent County Courthouse

38 The Green

Dover, DE 19901

Telephone (302)735-2111

October 5, 2016

Mr. Pedro Rivera & Antonia Castillo
275 Gravelly Run Branch Road
Clayton, DE 19938

Daniel T. Conway, Esq.
Atlantic Law Group, LLC
512 East Market
Georgetown, DE 19947

Submitted: September 30, 2016
Decided: October 5, 2016

> Re: *JP Morgan Chase Bank v. Pedro Rivera & Antonia Castillo*
> *K15L-09-011 JJC*

Dear Mr. Rivera, Ms. Castillo & Mr. Conway:

The matter involves a mortgage foreclosure complaint filed by Plaintiff JP Morgan Chase Bank (hereinafter "JP Morgan") against Defendants Pedro Rivera and Antonia Castillo (hereinafter collectively "Defendants"). Defendants filed a motion to dismiss JP Morgan's complaint, arguing that JP Morgan did not comply with the requirements of 10 *Del. C.* § 5062A.[1] Pursuant to that section, a bank in a foreclosure

---

[1] Subsection (b), of section 5062A, provides that

> (b) No judgment may be entered in any mortgage foreclosure action . . . unless the plaintiff has filed a fully executed affidavit asserting:
> (1) That the defendant has been provided with the opportunity to apply for relief under any loss mitigation program for which the defendant may be eligible . . ., and

action must file a loss mitigation affidavit certifying that the bank has advised the homeowner of available programs for modification or mitigation of the loans at issue.[2] That section also provides that if certain representations in the statutorily required loss mitigation affidavit are false, then "the foreclosure action shall be dismissed by the court without prejudice . . . ."[3]

Defendants filed the present motion to dismiss and at oral argument on the motion alleged that the affidavit filed by JP Morgan was false. JP Morgan denied that the representations in its affidavit were false. Accordingly, the Court held an evidentiary hearing to determine whether the affidavit at issue included false statements referencing the requirements of paragraphs (b)(1) and (b)(2) of section 5062A. The affidavit at issue, filed by JP Morgan, tracked the section's statutory language. In the affidavit, Petraq Stefanllari, a Vice President at JP Morgan, attested to the fact that Defendants were "ineligible for any applicable loss mitigation program due to the Borrower's failure to apply, or failure to provide required information, or failure to complete the requirements of the program."[4]

At the hearing, Defendants introduced JP Morgan's May 5, 2016 letter to Plaintiff confirming that JP Morgan cancelled its review of potential mortgage and loan modifications. The reasons cited in the letter included that Defendants "told us that you

---

(2) That the loan secured by the mortgage for the plaintiff seeks foreclosure is:
a. Not subject to a loss mitigation program; or
b. Is ineligible for any applicable loss mitigation program due to the defendant's failure to apply, or failure to provide required information, or failure to complete the requirements of the program; or
c. Is determined by the plaintiff to be otherwise ineligible for any applicable loss mitigation program.

[2] *Id.* at § 5062A(a).

[3] *Id.* at § 5062A(c).

[4] Pl. Ex. No. 3.

no longer want to be reviewed for mortgage assistance . . .[and you] told us you don't want to participate in the program."[5]  Consistently with this May 5th letter, JP Morgan submitted a letter from Defendant Rivera to JP Morgan stating that " I hereby order ALL actions to be stopped . . ." which referred to the request for review for modification under consideration at the time.[6]  Through JP Morgan's witness,  Frank Dean, it also introduced a phone log that Defendants conceded was accurate.  The phone log confirmed that Mr. Rivera called JP Morgan prior to the execution of the affidavit for a "verbal opt out" of the loss mitigation program.[7]

Defendant Rivera testified at the hearing that he admits that he asked JP Morgan to place consideration of "RMA #8" (the request for modification that was pending immediately before JP Morgan filed the affidavit)  on hold.  He testified, however, that prior to telling JP Morgan to cease work on modification matters, he had sent them a qualified written request as provided for in the Real Estate Settlement Procedures Act (hereinafter "RESPA").[8]  Defendants also offered the testimony of Christopher Yates, a realtor who Defendants sought the help of during the modification process.  Mr. Yates testified that JP Morgan was not responsive enough to enable him to help the Defendants with modification efforts.

At the hearing, Defendants seemed to no longer contest the accuracy of the affidavit at issue.  Rather, Defendants argued that  because they had issued a qualified written request for information pursuant to RESPA, everything in the mortgage foreclosure process should have been stayed.  Specifically, Defendants relied on

---

[5] *Id.*

[6] Def. Ex. No. 1.

[7] Pl. Ex. No. 2.

[8] 12 U.S.C. § 2601 *et seq.*

3

Section 6 of RESPA[9], without citing a remedy provision that would impact the state mortgage foreclosure process at issue.

Here, the statute requiring the filing of a loss mitigation affidavit provides for potential dismissal of the action without prejudice. Since the parties contested the truth of the statements in the affidavit, an evidentiary hearing was necessary regarding that narrow issue. Since the statute frames the matter as a defendant's motion to dismiss, the burden is on the Defendants to establish the falsity of the relevant statements in the affidavit by a preponderance of the evidence.

After considering the testimony and evidence at the hearing, the matter before the Court is essentially uncontested. Namely, the Court finds that Defendants, both in writing and orally, requested that all loss mitigation matters cease. This was substantiated by a letter from Defendant Rivera and a phone log from JP Morgan confirming a telephone call by Defendants opting out of loss mitigation efforts. Defendants did not contest the accuracy of these documents at the hearing. That Defendant became frustrated at what he alleges was a lack of response from JP Morgan does not establish the falsity of JP Morgan's Vice President's representations in his affidavit. Based on the evidence presented, the Court finds that the statement in the affidavit was truthful. Accordingly, Defendants' motion to dismiss is DENIED.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

---

[9] *Id.* at § 2605.